The document below is hereby signed.

Signed: July 3, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TANNER SCOTT CAMPBELL, | ) | Case No. 19-00042 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE CREDITOR'S
MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE

MOSEX Exhibit 1 LLC ("Creditor") has filed a *Motion to Extend Time to Object to Discharge of Debtor* (Dkt. No. 56).

I

The *Motion* concludes by stating: "WHEREFORE, Creditor respectfully requests that the Court grant this Motion and extend the time to file a complaint objecting to the discharge of the Debtor to July 22, 2019." The proposed order submitted with the *Motion* only addresses extending the time to object to discharge. The foregoing must be read as limiting the *Motion* to one for an extension of the time to object to discharge. Despite the concluding paragraph of the *Motion*, despite the language of the proposed order, and despite the title of the *Motion*, paragraph 4 of the *Motion* "requests that the time to object to exemptions and

discharge now be extended to July 22, 2019." Even if the concluding paragraph of the *Motion* does not limit the *Motion* to one seeking to extend the time for objecting to discharge of the debtor, the request to extend the time to object to exemptions must be denied.

The Creditor failed timely to request an extension of the time to object to exemptions. Only the trustee timely filed a motion seeking by the deadline of March 25, 2019, an extension of time for the trustee to object to exemptions, and the order (Dkt. No. 15) granting that request was limited to extending the trustee's time to object to exemptions. The trustee's later motion to further extend the time to object to exemptions, and the court's order (Dkt. No. 44) granting that motion, thus relate only to extending the trustee's previously enlarged time to object to exemptions and did not enlarge the time for creditors to object to exemptions.

Moreover, the Creditor's *Motion* fails to explain what exemptions claimed warrant additional time for objecting to such exemptions. The *Motion* only points to various misconduct in the case (already raised in its motion to dismiss the case) and thereby suggests that there may be grounds to object to the debtor's receiving a discharge and then argues that circumstances warrant additional time to investigate. *See Motion* at ¶ 41.

II

The United States Trustee and the Chapter 7 trustee have already obtained orders granting extensions to July 22, 2019, of the deadline to object to discharge.  Although those orders by their terms are limited to the United States Trustee and the Chapter 7 trustee, the motions leading to those orders requested additional time so that investigations of the circumstances in this case can be completed in order to better determine whether the filing of a complaint objecting to discharge is warranted.  The Creditor should be given the same amount of additional time to evaluate whether to object to the debtor's receiving a discharge.  The debtor cannot receive a discharge before the passage of July 22, 2019, and has not pointed to any substantial prejudice in the Creditor's filing a complaint objecting to discharge as late as July 22, 2019.  The debtor only argues that the Creditor "should not be permitted to effectively combine its scattershot motion to dismiss with a complaint objecting to discharge."  However, the debtor's anticipation that the Creditor may pursue an objection to discharge in a procedurally improper fashion is not a basis for denying the Creditor an extension of time to object to discharge.

III

The body of the Creditor's *Motion* seeks an extension to July 22, 2019, of the deadline to object to discharge.  The proposed

order submitted with the *Motion* would provide that "the deadline to file a complaint objecting to the Debtor's discharge is extended for forty-five (45) days from the date of this order, or to July 22, 2019, whichever date is later."  The *Motion* itself only attempted to justify an extension until July 22, 2019, and did not articulate any justification for making the extension longer depending on when the court's order was entered.  The court will thus only extend the deadline to July 22, 2019.

IV

It is thus

ORDERED that the *Motion to Extend Time to Object to Discharge of Debtor* (Dkt. No. 56) is granted in part as follows. It is further

ORDERED the deadline for MOSEX Exhibit 1 LLC to file a complaint objecting to the Debtor's discharge is extended to July 22, 2019.  It is further

ORDERED that any further relief sought by the *Motion to Extend Time to Object to Discharge of Debtor* (Dkt. No. 56) is denied.

[Signed and dated above.]

Copies to: E-recipients.