The document below is hereby signed.

Signed: April 18, 2020




S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TANNER SCOTT CAMPBELL, | ) | Case No. 19-00042 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING CREDITOR'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER PERTAINING TO MOTION FOR EXTENSION OF TIME TO FILE ADVERSARY CLAIMS

This addresses the *Creditor's Motion for Reconsideration of Interlocutory Order Pertaining to Motion for Extension of Time to File Adversary Claims* (Dkt. No. 96) filed by Mosex Exhibit 1 LLC ("Mosex"). I will deny the *Motion for Reconsideration* for the following reasons.

I

FACTS

The debtor, Tanner Scott Campbell, commenced this case under Chapter 7 of the Bankruptcy Code (11 U.S.C.) on January 16, 2019. Under the section titled "**Deadlines**," the notice to all creditors of the commencement of the case correctly gave creditors this

notice:

| **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable.** | **Filing deadline: 4/22/2019** |
|---|---|

On April 16, 2019, Mosex's counsel sent an e-mail to the debtor's counsel stating that "I'm planning to file a motion to extend the April 22 deadline to object to a discharge. I'm meeting and conferring with you to see if you'll consent to a 45 or 60 day extension. Please let me know." (Dkt. No. 22, Ex. A.) The debtor's counsel did not consent to that request.

Mosex's First Motion to Extend
Time to Object to Discharge of Debtor

On April 22, 2019, Mosex filed a *Motion to Extend Time to Object to Discharge of Debtor* (Dkt. No. 22), which opened by stating: "MOSEX Exhibit 1 LLC ('Creditor') respectfully files this Motion to Extend Time to Object to Discharge of Debtor **pursuant to Bankruptcy Rule 4004(a) and 11 U.S.C. § 727(a).**" (Emphasis added.) Rule 4004 (titled "Grant or Denial of Discharge") does not deal with the deadline for a creditor's filing a complaint to determine that a debt is nondischargeable under 11 U.S.C. § 523(a)(2), (4), or (6) lest the debt become

discharged by reason of 11 U.S.C. § 523(c)(1).[1] It is Fed. R. Bankr. P. 4007(c) that sets a deadline for filing such a complaint.

The *Motion* included a proposed order titled "Order Granting Motion to Extend Time to Object to Discharge" that read:

> This matter is before the Court on a Motion filed by MOSEX Exhibit 1 LLC ("Creditor") to extend the **deadline to file a complaint objecting to the Debtor's discharge pursuant to Bankruptcy Rule 4004(a) and § 727(a)**. Wherefore, for good cause shown, the movant is entitled to the relief sought, and it is hereby
>
> ORDERED that the Motion is granted and the deadline to file a complaint objecting to the Debtor's discharge is extended for forty-five (45) days from the date of this order, or to June 6, 2019, whichever date is later.

(Emphasis added.) Mosex's *Motion* set forth 26 paragraphs reciting reasons for granting the *Motion*, and alleged in part:

> 17. Furthermore, the underlying judgment-debt owed to Creditor was incurred in substantial part as a result of the Debtor's false pretenses, false representations, actual fraud and willful and malicious conduct. . . .
>
> 18. Strong grounds exist for the denial of a discharge, inter alia, under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(6), 727(a)(3), 727(a)(4)(A).
>
> . . .

---

[1] Section 523(c)(1) provides in relevant part that "a debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

> 26. Accordingly, good cause exists to extend the deadline to file a complaint objecting to the Debtor's discharge under Section 727 and for a determination of non-dischargeability of debt under Section 523(c).

However, Mosex's *Motion* nowhere requested an extension of the Rule 4007(c) deadline for filing a § 523(c) complaint to determine the dischargeability of the debt owed it. Despite recognizing in paragraph 26 the distinction between "a complaint objecting to the Debtor's discharge under Section 727" and a complaint "for a determination of non-dischargeability of debt under Section 523(c)," Mosex's *Motion* concluded by stating:

> WHEREFORE, Creditor respectfully requests that the Court grant this Motion and extend the time to file a **complaint objecting to the discharge of the Debtor** for forty-five (45) days to June 6, 2019." (Emphasis added.)

On April 22, 2019, the Chapter 7 trustee filed a motion (to which the debtor consented) to extend the time "to object to Debtor's discharge" and to object to exemptions, and on May 14, 2019, the court granted the trustee's motion in an *Order Extending Time to Object to Exemptions and to Discharge* (Dkt. No. 44) which "ORDERED that the time for objecting to the Debtor's exemptions and to discharge are extended to June 6, 2019." The Chapter 7 trustee was not a creditor and had not moved under Fed. R. Bankr. P. 4007(c) to extend the time for all creditors to file complaints governed by 11 U.S.C. § 523(c) for a determination of the dischargeability of debts. The *Order Extending Time to Object to Exemptions and to Discharge* plainly did not extend the

time under Fed. R. Bankr. P. 4007(c) to file a complaint governed by 11 U.S.C. § 523(c). The *Order Extending Time to Object to Exemptions and to Discharge* extended the deadline for all creditors, including Mosex, to object to discharge.

On May 13, 2019, the debtor moved to dismiss Mosex's *Motion to Extend Time to Object to Discharge of Debtor* for lack of proper service, but the court found it unnecessary to address whether there had been proper service. Because the *Order Extending Time to Object to Exemptions and to Discharge* had extended the deadline for all creditors to object to discharge to June 6, 2019, the court entered two orders on May 21, 2019, one (Dkt. No. 48) dismissing as moot Mosex's *Motion to Extend Time to Object to Discharge* and the other (Dkt. No. 47) dismissing as moot the debtor's motion to dismiss Mosex's *Motion to Extend Time to Object to Discharge*.

The consequence was that without an extension of the Rule 4007(c) deadline having been granted, the deadline expired at the end of April 22, 2019. Once the Rule 4007(c) deadline had expired at the end of April 22, 2019, it was too late thereafter to file a motion to extend that deadline. Rule 4007(c) requires that such a motion "shall be filed before the time has expired."

In dismissing Mosex's *Motion to Extend Time to Object to Discharge* as moot the court necessarily did not view Mosex's *Motion to Extend Time to Object to Discharge* as seeking an

extension of the Rule 4007(c) deadline for Mosex to file a complaint under 11 U.S.C. § 523(c) to determine that the debt owed it was nondischargeable. If Mosex's *Motion to Extend Time to Object to Discharge was* a motion to extend the Rule 4007(c) deadline, the dismissal of the *Motion* terminated Mosex's right to obtain a Rule 4007(c) extension: any later motion for an extension of time would be untimely. Under Fed. R. Bankr. P. 9023 (the analog of Fed. R. Civ. P. 59), Mosex could have filed a motion within 14 days of entry of that final order seeking to alter or amend the order. Mosex filed no such motion.

If Mosex's *Motion to Extend Time to Object to Discharge* was properly viewed as *not* seeking to extend the Rule 4007(c) deadline, any Rule 9023 motion would have been an attempt to amend the *Motion to Extend Time* to state that an enlargement of the Rule 4007(c) deadline was sought. Such a belated amendment would occur after the Rule 4007(c) deadline had already expired and would be untimely because Rule 4007(c) makes clear that any motion to extend the deadline must be sought before the deadline has expired.

Mosex's Second Motion to Extend
Time to Object to Discharge of Debtor

On June 6, 2019, Mosex filed its second *Motion to Extend Time to Object to Discharge of Debtor* (Dkt. No. 56), which, like the first one, opened by stating: "MOSEX Exhibit 1 LLC ('Creditor') respectfully files this Motion to Extend Time to

Object to Discharge of Debtor **pursuant to Bankruptcy Rule 4004(a) and 11 U.S.C. § 727(a),**" (emphasis added) and included a proposed order, titled "Order Granting Motion to Extend Time to Object to Discharge," that read:

> This matter is before the Court on a Motion filed by MOSEX Exhibit 1 LLC ("Creditor") to extend the deadline to file a complaint objecting to the Debtor's discharge **pursuant to Bankruptcy Rule 4004(a) and § 727(a).** Wherefore, for good cause shown, the movant is entitled to the relief sought, and it is hereby
>
> ORDERED that the Motion is granted and the **deadline to file a complaint objecting to the Debtor's discharge** is extended for forty-five (45) days from the date of this order, or to July 22, 2019, whichever date is later.

[Emphasis added.] Paragraph 1 of the *Motion* stated that "Creditor respectfully moves to extend the time for Creditor to object to Debtor's exemptions and discharge to July 22, 2019."

The second *Motion to Extend Time* discussed at length the circumstances that Mosex was investigating as potential grounds for denying the debtor a discharge under 11 U.S.C. § 727, noting at paragraph 35:

> Creditor is acting diligently to obtain discovery. Creditor requests additional time to complete its investigation of the circumstances pertaining to a complaint objecting to discharge.

However, Mosex's second *Motion to Extend Time* did not set forth any circumstances it was investigating regarding nondischargeability of the debt owed it under 11 U.S.C. § 523(a), and it did not set forth potential grounds for declaring the debt

to be nondischargeable.[2] Paragraph 39 of this second *Motion to Extend Time* recited: "Moreover, the Debtor's counsel consented to **this relief** with the Trustee in the Trustee's Motion to Extend. [Dkt. No. 54]." (Emphasis added.) The debtor's consent to relief with the Trustee did *not* include extending the Rule 4007(c) deadline. (The relief to which the debtor had consented was only to extend the time to object to discharge and to exemptions.) Mosex's second *Motion to Extend Time* included a concluding paragraph 41 stating:

> Accordingly, good cause exists to extend the deadline to file a complaint objecting to the Debtor's discharge under Section 727 and for a determination of non-dischargeability of debt under Section 523(c).

However, nowhere in paragraph 41 or elsewhere in Mosex's second *Motion to Extend Time* did Mosex request the court to extend the Rule 4007(c) deadline to file a complaint for a determination of nondischargeability of debt under section 523(c). The mention of

---

[2] Mosex's second *Motion to Extend Time* did not repeat these allegations that had been included in its first *Motion to Extend Time*:

> 17. Furthermore, the underlying judgment-debt owed to Creditor was incurred in substantial part as a result of the Debtor's false pretenses, false representations, actual fraud and willful and malicious conduct. . . .
>
> 18. Strong grounds exist for the denial of a discharge, inter alia, under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(6), 727(a)(3), 727(a)(4)(A). . . .

§ 523(c) was an assertion having no bearing on the request that *was* made (and granted) for an extension of the deadline to object to the debtor's receiving a discharge. Despite recognizing in paragraph 41 the difference between a complaint "objecting to the Debtor's discharge under Section 727" and a complaint "for a determination of non-dischargeability of debt under Section 523(c)," this second *Motion* concluded by stating:

> WHEREFORE, Creditor respectfully requests that the Court grant this Motion and extend the time to file a complaint objecting to the discharge of the Debtor to July 22, 2019.

In a *Memorandum Decision and Order re Creditor's Motion to Extend Time to Object to Discharge* entered on July 5, 2019 (Dkt. No. 69), the court:

(1) explained in part I why it was denying Mosex's request in paragraph 4 of the *Motion* to extend the time to object to exemptions, and why the court viewed the *Motion* as seeking otherwise to extend the time to object to discharge, taking into account paragraph 41 of the *Motion* by stating:

> The Motion only points to various misconduct in the case (already raised in its motion to dismiss the case) and thereby suggests that there may be grounds to object **to the debtor's receiving a discharge** and then argues that circumstances warrant additional time to investigate. See Motion at ¶ 41. [Emphasis added.];

(2) explained in parts II and III why it was extending to July 22, 2019, the time for filing a complaint objecting to the debtor's discharge; and

> (3) concluded by directing that:
>
> It is thus
>
> ORDERED that the Motion to Extend Time to Object to Discharge of Debtor (Dkt. No. 56) is granted in part as follows. It is further
>
> ORDERED the deadline for MOSEX Exhibit 1 LLC to file a complaint objecting to the Debtor's discharge is extended to July 22, 2019. It is further
>
> ORDERED that **any further relief sought by the Motion to Extend Time to Object to Discharge of Debtor (Dkt. No. 56) is denied.** [Emphasis added.]

At the end of July 5, 2019, Mosex's deadline to file an objection to discharge had been extended to July 22, 2019, but no order had been entered extending the deadline of April 22, 2019, for Mosex to file a complaint for a determination that the debt owed it was nondischargeable under § 522(a)(2) or (6), and it was too late to file a motion for such an extension.

Mosex's Adversary Proceeding Complaint

On July 22, 2019, Mosex filed a complaint against the debtor commencing Adversary Proceeding No. 19-10025. The complaint sought "a Judgment determining that the debt owed by the Debtor to Plaintiff is non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)6) or, in the alternative, denying the Debtor's discharge under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A) . . . ." On August 26, 2019, the debtor filed a timely answer alleging as one defense that "Counts I, II, and III of the complaint are time-barred by the statute of

limitation or repose set forth in Section 523(c) of the Bankruptcy Code and Rule 4007(c), Federal Rules of Bankruptcy Procedure."

On December 31, 2019, the debtor filed a motion for judgment on the pleadings in which he asserted as to the counts seeking a determination of nondischargeability that they were time-barred by reason of 11 U.S.C. § 523(c)(1) and Rule 4007(c). In a *Memorandum Decision and Order re Motion for Judgment on the Pleadings* of February 10, 2020 (Adv. Pro. Dkt. No. 20), the court dismissed the counts of the complaint seeking a determination of nondischargeability because no order had been entered extending until July 22, 2019, the deadline for filing such counts.

Mosex's Motion for Reconsideration

On February 19, 2020, Mosex filed in this bankruptcy case a motion titled *Creditor's Motion for Reconsideration of Interlocutory Order Pertaining to Motion for Extension of Time to File Adversary Claims* (Dkt. No. 96).

II

ANALYSIS

Mosex's *Motion for Reconsideration* invokes Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59, and asks the court for reconsideration, first, of the *Order Dismissing, as Moot, Creditor's Motion to Extend Time to Object to Discharge* entered on May 21, 2019. *Motion for Reconsideration* at 8. That *Order*

addressed Mosex's first *Motion to Extend Time to Object to Discharge*, which had sought an extension until June 6, 2019, to object to discharge. The *Order* failed to grant Mosex an extension of the Rule 4007(c) deadline, but that was not error because Mosex had failed to request the court to extend that deadline.

Even if I were to amend the *Order* entered on May 21, 2019, to provide that Mosex was granted until June 6, 2019, to file a complaint under § 523(c) to determine that the debt owed it is nondischargeable, that would not suffice to make its adversary proceeding complaint timely. It did not file that complaint until July 22, 2019.

Only if I were to also amend the *Memorandum Decision and Order* regarding Mosex's second *Motion to Extend Time to Object to Discharge* to enlarge the Rule 4007(c) deadline to July 22, 2019, would the adversary proceeding complaint be timely. The *Motion for Reconsideration* concludes by asking reconsideration "to the extent that Creditor's motions to extend serve to extend the time for Creditor to file adversary claims under Section 523 . . . ." I will treat the *Motion for Reconsideration* as including a request to revise the *Memorandum Decision and* Order regarding Mosex's second *Motion to Extend Time to Object to Discharge*. I will deny that request.

Mosex's second *Motion to Extend Time to Object to Discharge*

failed (like the first one) to make a request to extend the Rule 4007(c) deadline. After setting forth at length conduct of the debtor suggesting grounds for objecting to the debtor's receiving a discharge, it notes at paragraph 35 that "Creditor is acting diligently to obtain discovery. Creditor requests **additional time to complete its investigation of the circumstances pertaining to a complaint objecting to discharge**." (Emphasis added.) That the second *Motion to Extend Time* was one to extend the time to object to discharge is also made evident by paragraph 39, reciting: "Moreover, the Debtor's counsel consented to **this relief** with the Trustee in the Trustee's Motion to Extend. [Dkt. No. 54]." (Emphasis added.) The Chapter 7 trustee had *not* sought to extend the Rule 4007(c) deadline for filing a § 523(c) complaint to determine the dischargeability of certain debts. (The relief to which the debtor had consented was only to extend the time to object to discharge and to exemptions.) Thus, "this relief" (the relief sought by the second *Motion to Extend Time*) must be read as not including extending the Rule 4007(c) deadline.

Moreover, even if the second *Motion to Extend Time* had made a request to extend the Rule 4007(c) deadline, it failed to disclose what grounds of nondischargeability it wished to pursue, and why it would need additional time to investigate those claims before filing a § 523(c) complaint. Unlike Mosex's claims

objecting to discharge, which required exploration of the debtor's conduct in the ongoing bankruptcy case, the debt at issue was past history, going back to events years ago culminating in a judgment Mosex recovered against the debtor on May 11, 2017. (*See* Adv. Pro. Compl., ¶ 47.) Mosex has offered no explanation for why it needed additional time before filing a § 523(c) complaint.

Multiple reasons require denial of Mosex's *Motion for Reconsideration*.

1. *The Two Orders Were not Erroneous*

There was no error in the orders disposing of Mosex's two *Motions to Extend Time to File Objection to Discharge*, both of which failed to request the court to extend the time under Rule 4007(c), and the second of which failed to set forth adequate grounds for an extension. That suffices to require denial of the *Motion for Reconsideration*.

2. *The Lack of Meritorious Claims of Nondischargeability*

Mosex's claims in the adversary proceeding that the debt owed is nondischargeable are cast in conclusory terms (surrounded by lengthy allegations about the debtor's dishonesty in litigation with Mosex after the debt at issue arose), and those allegations do not appear to state valid claims of nondischargeability. That too weighs against granting a Rule 4007(c) extension.

3. *Unreasonable Delay in Filing the Motion for Reconsideration*

The delay in filing the *Motion for Reconsideration* has been unreasonable. The delay here has been unreasonable for two reasons:

(1) Mosex ought to have known that the court's extending only the deadline for objecting to discharge did not extend the Rule 4007(c) deadline, and yet Mosex waited for months before filing the *Motion for Reconsideration*.

(2) Even if Mosex believed that the court's extension of time applied to the Rule 4007(c) deadline (which would have been an unreasonable belief in any event), the debtor's answer, filed on August 26, 2019, raised the untimeliness of the counts seeking a determination of nondischargeability. Yet Mosex waited until February 20, 2020, to file its *Motion to Reconsider*.

The unreasonable delay warrants denying the *Motion to Reconsider*.

Even in the case of an interlocutory order that can be reviewed at any time without regard to the 14-day deadline under Fed. R. Bankr. P. 9023 (the analog of Fed. R. Civ. P. 59), a motion to amend the interlocutory order must be brought within a reasonable time. *See Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 205 (D.P.R. 1999) ("With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the

motion was filed unreasonably late." (Citations omitted.)); *Hollister, Inc. v. Zassi Holdings, Inc.*, No. 3:13-CV-132, 2015 WL 2157482, at *1 (M.D. Fla. May 7, 2015) (denying motion to revise interlocutory order, and stating: "Even if Defendants could plausibly contend that they did not realize the basis for their Motion until after a January 2015 deposition, Defendants still waited nearly two months after that deposition to file the instant Motion. Defendants' lack of diligence is not to be condoned."). As noted in *In re Anthanassious*, 418 Fed. App'x 91, 96 (3rd Cir. 2011), "[e]ffective trial court management requires a presumption against reconsideration of interlocutory decisions." Mosex's long-delayed motion to undo orders that made its pursuit of dischargeability claims untimely, if granted at this late stage, when a pretrial conference is already set to occur soon in the adversary proceeding, would be inimical to effective trial management.

In any event, an order denying a motion to enlarge the Rule 4007(c) deadline for filing a complaint to determine the dischargeability of a debt is a final order, *not* an interlocutory order. *See In re Anthanassious*, 418 F. App'x at 94 ("the District Court's order affirming the Bankruptcy Court's denial of an extension of time is a final order for purposes of § 158(d)"); *Peters v. Dy (In re Dy)*, No. 13 CV 6498 BMC, 2014 WL 65350, at *2 (E.D.N.Y. Jan. 8, 2014) (order was final order "as no further

proceedings can occur with respect to [creditor's] challenging the dischargeability of Dy's alleged debt."); *Daniels v. Cowdin (In re Cowdin)*, 292 B.R. 711 (table), 2002 WL 1300704, at *1 (B.A.P. 10th Cir. 2002); *Sophir Co. v. Heiney (In re Heiney)*, 194 B.R. 898, 899 (D. Colo. 1996). The two orders here put an end to Mosex's ability to file a timely nondischargeability complaint: once the April 22, 2019, deadline under Rule 4007(c) was not extended by the orders, it was too late to seek an extension of the Rule 4007(c) deadline. By denying Mosex of the ability to file a timely nondischargeability complaint, the orders necessarily were final and appealable orders.

With no Rule 9023 motion having been filed within 14 days after entry of the final orders, Mosex's motion must be treated as one under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60. Under Fed. R. Civ. P. 60(c)(1), such a motion "must be made within a reasonable time . . . ." For reasons explained above, the *Motion to Reconsider* was not filed within a reasonable time.

4. *Denying Extensions of the Rule 4007(c) Deadline Was Not an Abuse of Discretion*

The authority to grant an extension under Fed. R. Bankr. P. 4007(c) is a discretionary authority. *See In re Chatkhan*, 455 B.R. 365, 367 (Bankr. E.D.N.Y. 2011) ("The determination whether cause exists to extend the deadlines set by Bankruptcy Rules 4004(b) and 4007(c) rests within the court's discretion.") (citing *In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y.

2003)). *See also In re Boltz-Rubinstein*, 454 B.R. 614 (Bankr. E.D. Pa. 2011) (holding similarly); *In re Miles*, 453 B.R. 449, 451 (Bankr. N.D. Ga. 2011) (same). There is no abuse of discretion in denying Rule 4007(c) relief for which no request was clearly made. In addition, delay in pressing for reconsideration of the denial of such an extension weighs against exercising the court's discretion to grant an extension.

III

CONCLUSION

For all of these reasons, it is

ORDERED that Mosex's *Motion for Reconsideration of Interlocutory Order Pertaining to Motion for Extension of Time to File Adversary Claims* (Dkt. No. 96) is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.



R:\Common\TeelSM\Judge Temp Docs\Campbell (Tanner Scott) - Deny Mtn to Alter Order Extending Time to Object to Discharge v9.wpd